UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

       Plaintiff,

                                 File No.  1:11-CR-24

v.

                                 HON. ROBERT HOLMES BELL

SOLOMON JULIUS CARPENTER,

       Defendant.

_____/

## **O P I N I O N**

Defendant Solomon Julius Carpenter has been indicted for failure to appear for sentencing in violation of 18 U.S.C. § 3146(a)(1).  This matter is currently before the Court on the government's motion in limine to preclude Defendant from raising the defense of duress or necessity without first establishing sufficient evidence to place the defense before the jury.  (Dkt. No. 31.)  Defendant's response to the motion is found in his trial brief.  (Dkt. No. 37.)  For the reasons that follow, the government's motion will be granted.

The government requests an order precluding Defendant from raising the affirmative defense of duress or necessity at trial unless he first establishes that he has sufficient evidence to place this defense before the jury.  When one of these justification defenses arises in a pre-trial motion, "the defendant must proffer evidence that is legally sufficient to support the defense."  *United States v. Ridner*, 512 F.3d 846, 849 -850 (6th Cir. 2008) (citing *United States v. Johnson*, 416 F.3d 464, 468 (6th Cir. 2005).  The defendant's burden is "not

a heavy one" and is met even where there is "weak supporting evidence." *Id*. (quoting

*United States v. Riffe*, 28 F.3d 565, 569 (6th Cir. 1994)).  "The trial judge's duty is to require

a prima facie showing by the defendant on each of the elements of the defense." *Id.* (citing

*Johnson*, 416 F.3d at 467-68).

> The elements of the defense of coercion or duress are as follows:
>
> (A) First, that the defendant reasonably believed there was a present, imminent, and impending threat of death or serious bodily injury [to himself][to another];
> (B) Second, that the defendant had not recklessly or negligently placed himself [another] in a situation in which it was probable that he would be forced to choose the criminal conduct;
> (C) Third, that the defendant had no reasonable, legal alternative to violating the law;
> (D) Fourth, that the defendant reasonably believed his criminal conduct would avoid the threatened harm; and
> (E) Fifth, that the defendant did not maintain the illegal conduct any longer than absolutely necessary.

Sixth Circuit Pattern Criminal Jury Instructions 6.05 (2009 ed.); *see also United States v.*

*Riffe*, 28 F.3d 565, 569 (6th Cir. 1994).  The elements of the defense of necessity are the

same.  *See Ridner*, 512 F.3d at 850 (quoting *United States v. Newcomb*, 6 F.3d 1129, 1134-35

(6th Cir.1993)).[1]  The common law defenses of duress and necessity do not negate a

---

[1]"Common law historically distinguished between the defenses of duress and necessity. . . . While the defense of duress covered the situation where the coercion had its source in the actions of other human beings, the defense of necessity, or choice of evils, traditionally covered the situation where physical forces beyond the actor's control rendered illegal conduct the lesser of two evils." *United States v. Bailey*, 444 U.S. 394, 409-10 (1980). "Modern cases have tended to blur the distinction between duress and necessity." *Id.* at 410.

2

defendant's criminal state of mind, but instead, allow the defendant to avoid liability "because coercive conditions or necessity negates a conclusion of guilt even though the necessary mens rea was present." *Dixon v. United States*, 548 U.S. 1, 7 (2006) (quoting *United States v. Bailey*, 444 U.S. 394, 402 (1980)).

The government contends that Defendant cannot establish a duress or necessity defense because he cannot establish four of the five elements of the affirmative defense: (1) that he was subject to a present, imminent, and impending threat of death or serious bodily injury; (2) that he had no reasonable, legal alternative to violating the law; (3) that he reasonably believed his criminal conduct would avoid the threatened harm; and (4) that he did not maintain the illegal conduct any longer than absolutely necessary.

Defendant concedes that he does not have sufficient evidence to raise the common law defense of duress or necessity because he was not threatened, and he was not faced with physical harm. However, he contends that he does have sufficient evidence to raise the statutory affirmative defense.

The statute Defendant is charged with violating provides for the following affirmative defense:

> It is an affirmative defense to a prosecution under this section that uncontrollable circumstances prevented the person from appearing or surrendering, and that the person did not contribute to the creation of such circumstances in reckless disregard of the requirement to appear or surrender, and that the person appeared or surrendered as soon as such circumstances ceased to exist.

18 U.S.C. § 3146(c).

There are three elements to the statutory affirmative defense: (1) uncontrollable circumstances prevented Defendant from appearing; (2) Defendant did not contribute to the creation of such circumstances in reckless disregard of the requirement to appear; and (3) Defendant appeared as soon as such circumstances ceased to exist.

Defendant contends that he can make out his prima facie showing on each of the elements of the defense through the following evidence:

> 1. Solomon Carpenter asserts that at the time of the making of his guilty plea he was under the belief that the plea agreement signed by him and accepted by this Court on October 21, 2010, was conditional and would allow him to appeal this Court's order of October 15, 2010 (said order denied Carpenter's legal challenge to the sufficiency of the search warrant underlying his arrest).
> 2. As of November 27, 2010, Solomon Carpenter expressed serious reservations concerning the weight and validity of the evidence supporting the issuance of the charge to which he plead guilty on October 21, 2010, to his attorney.
> 3. As of November 27, 2010, Solomon Carpenter expressed concern to his defense attorney that the entry of the guilty plea would act as a waiver of his right to seek appellate review of the Court's order of October 15, 2010, referenced above.
> 4. Solomon Carpenter believes the warrant underlying the search of the premises where the drugs were found in support of the underlying case was defective for reason that it was issued without probable cause and based upon misstatements of material fact, in addition to other infirmities.
> 5. Solomon Carpenter believes he is innocent of the crime to which he plead guilty and that his testimony offered in support of his plea to the contrary is untruthful.
> 6. Solomon Carpenter believed, upon advice of counsel, that it would be deleterious to his legal interests to appear for sentencing without the filing of a motion to withdraw his guilty plea.
> 7. Solomon Carpenter voluntarily surrendered after the filing of a motion to withdraw his guilty plea.

(Dkt. No. 37, Def.'s Trial Br. 6.)

4

Defendant has presented no case law in support of his suggestion that the statutory affirmative defense found in 18 U.S.C. § 3146(c) differs in any material way from the common law defense of duress or necessity. The cases that have examined the affirmative defense in § 3146(c) analyze the statutory defense in the same manner as the common law defense. In *United States v. Odufowora*, 814 F.2d 73, 74-75 (1st Cir. 1987), the First Circuit quoted the following explanation from legislative history regarding the purpose of the affirmative defense in § 3146(c):

> It is intended that the defense should apply where, for example, a person is recuperating from a heart attack and to leave his bed would imperil his life, or, after he had made careful plans for transportation to the court house, his vehicle breaks down or unexpected weather conditions bring traffic to a halt.

*Id.* at 74-75 (quoting S. Rep. No. 98-225, 98th Cong., 2d Sess., reprinted in 1984 U.S.Code Cong. & Admin. News 3182, 3214-15). In *Odufowora* the court held that fear of deportation is not a justification for breach of bail conditions. *Id.* at 74. In *United States v. Veilleux*, 40 F.3d 9 (1st Cir. 1994), the court held that for purposes of § 3146(c), "'[c]ircumstances' fall into two categories, physical and mental, the latter best characterized as duress. . . . Uncontrollable duress must be sufficient to produce an unavoidable fear of 'serious bodily injury or death.'" *Id.* at 10. The *Veilleux* court held that "[e]ven were we to assume that defendant had a well-grounded fear of what, in his opinion, would be an improper sentence, this could not justify a failure to appear." *Id.* In *United States v. Carver*, No. 89-5373, 1989 WL 147128, at *1 (6th Cir. Dec. 6, 1989), the Sixth Circuit held that the appellant's evidence that he failed to appear because he feared arrest by Tennessee authorities for reasons

unrelated to the federal proceedings did not constitute a legal defense to his bail jumping charge.  In *United States v. Kinsella*, 545 F. Supp. 2d 148 (D. Me. 2008), the district court held that the defendant's explanation that he "worried about prosecutorial overreaching, law enforcement harassment, and basic unfairness" was not sufficient to generate the affirmative defense of "uncontrollable circumstances" under 18 U.S.C. § 3146(c).  *Id.* at 153.

The evidence Defendant has proffered in support of the affirmative defense falls within the same class of explanations that were found not to be sufficient in *Odufowora*, *Veilleux*, *Carver*, and *Kinsella*.  Defendant has not made a prima facie showing that uncontrollable circumstances prevented him from appearing at sentencing.  Accordingly, Defendant is precluded from raising the defense of duress or necessity at trial, and the jury will not be instructed on the statutory affirmative defense.

An order consistent with this opinion will be entered.


Date:    August 26, 2011                          /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE